STATE *v.* OXENDINE.

Upon trial in Superior Court plaintiff offered evidence tending to show that on 8 May, 1956, about 9:30 a.m., as she was operating her 1951 Ford automobile west toward Maxton on Highway 74A, at a speed of about 35 miles per hour, in corporate limits of Pembroke, N. C., she slowed up and gave a hand signal for a left turn into a residence on the left, her automobile was struck by an automobile operated by defendant traveling west also; that this automobile traveling at a speed of 70 or more miles per hour had just passed another automobile, which was following and about 100 yards behind plaintiff's automobile, and turned back partly across the white line, and then on into and colliding with plaintiff's automobile; and that thereby she sustained personal injuries.

The defendant offered evidence as to his version of the occurrence.

The case was submitted to the jury upon three issues as to (1) negligence of defendant, (2) contributory negligence of plaintiff, and (3) damages sustained by plaintiff, all of which were answered in favor of plaintiff.

And to judgment in accordance with verdict, defendant excepted and appeals to Supreme Court, and assigns error.

*Britt, Campbell & Britt for Plaintiff Appellee.*
*Nance, Barrington & Collier for Defendant Appellant.*

---

STATE v. CLEVELAND OXENDINE.

(Filed 7 June, 1957.)

APPEAL by defendant from *Mallard, J.,* January Term 1957 of ROBESON.

This is a criminal action tried upon a bill of indictment charging the defendant upon three counts: (1) with the unlawful possession of nontax-paid whiskey; (2) with the possession of nontax-paid whiskey for the purpose of sale; and (3) with the sale of nontax-paid whiskey. The defendant entered a plea of not guilty to each count.

The State offered as a witness Earl Branum, an employee of the Alcohol and Tobacco Tax Unit of the United States Treasury Department, who testified that he went with two day laborers to the house where the defendant was on the night of 9 September 1956, and one of the men accompanying him asked to buy some whiskey. The defendant told the man who asked for the whiskey that "he was pretty nearly out, but would let us have a drink. He poured out three drinks and each one paid for his drink." The witness further testified that the whiskey was poured from a pint bottle and that there were no tax stamps on the bottle; that his purpose in buying the whiskey was to discover law violators; that he used money which had been given to him by an Investigator of the Alcoholic Tax Unit.

The defendant offered no testimony. The jury returned a verdict of guilty on all three counts, which were consolidated for judgment. From the judgment imposed, the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*Britt, Campbell & Britt and Nance, Barrington & Collier for defendant.*

PER CURIAM. The State's evidence was sufficient to carry the case to the jury. Hence, the exception and assignment of error directed to the failure of the court below to dismiss as of nonsuit is without merit. Furthermore, the portions of the charge to the jury, to which the defendant has excepted and assigned as error, are in substantial compliance with our decisions bearing on similar instructions.

The defendant has failed to show any error which in our opinion would justify a new trial.

No error.